UNITED STATES DISTRICT COURT
STATE OF CONNECTICUT

| | | |
|---|---|---|
| STATE OF CONNECTICUT | : | CASE No.: 3:03CV1352 (RNC) |
| OFFICE OF PROTECTION | : | |
| & ADVOCACY, et al., | : | |
|     Plaintiffs | : | |
| | : | |
|     v. | : | |
| | : | |
| WARDEN WAYNE CHOINSKI, et al., | : | |
|     Defendants | : | FEBRUARY 18, 2005 |

**DEFENDANTS' REPLY TO PLAINTIFFS' REQUEST FOR A RULING ON THEIR MOTION FOR AN ORDER ALLOWING ACCESS TO CONFIDENTIAL PRISONER HEALTH RECORDS**

The defendants file a brief reply to the plaintiffs' February 10, 2005 request seeking a ruling on their pending motion to obtain access, without notice or consent, to confidential medical and mental health records of inmates at the Northern and Garner Correctional Institutions. The defendants, in a memorandum of law dated June 30, 2004, have addressed the several constitutional, statutory and common law protections that would be abrogated, if not wholly ignored, by the granting of the plaintiffs' request, and rely upon their arguments in this earlier memorandum to address the plaintiffs' substantive claim for access to medical and mental health files without so much as providing notice and an opportunity to object to the subjects of those records.

In their recent request for a ruling, the plaintiffs claim that the issue of disclosing confidential records "has recently taken on additional urgency" because the Connecticut Department of Mental Health and Addiction Services ("DMHAS") has commenced a bargained-for evaluation process of inmates at Northern CI, and that the agreement requires the reports prepared by DMHAS[1] to be shared with the plaintiffs. The plaintiffs cite to a portion of an

---

[1] DMHAS is not a party to this action.

appendix to the Settlement Agreement in this matter, which to date has not been formally filed with the court, to support the contention that the reports generated by DMHAS must be disclosed.  There is no discussion, recitation of facts or submission of affidavits to support the contention that any "urgency" attaches to the need for disclosing confidential mental health reports without consent of the subjects of each report.

The plaintiffs' recent filing fails to make note of language in the very same appendix to establish that the DMHAS reports will not be shared with the plaintiff agency.  Specifically, that portion of Appendix B that was written by DMHAS to govern its performance of the assessment program provides that DMHAS "[r]eports will be provided to DOC as completed."[2]  The DMHAS plan further indicates, under the section entitled "Implementation" that the carrying out of the process includes, as a component step, "reports completed and provided to DOC upon completion."[3]  This, of course, is consistent with the parties' agreement to submit the issue of confidentiality to the court.  The plaintiffs' unsupported invocation of an "urgent" need for adjudication, as part of their attempt to obtain the DMHAS reports before judicial consideration of the inmate rights at issue, renders meaningless the agreement to submit the confidentiality issue to the court.

The defendants, of course, join in the request for a ruling on the pending motion, with the caveat that, despite the passage of eight months since the plaintiffs filed their motion, there still has been no attempt by the plaintiffs to provide notice to the inmates, obtain written consent for access to records or to otherwise ascertain whether any inmate would welcome or object to such access.  Such access would violate the individual constitutional rights of the inmates, state and

---

[2] The Settlement Agreement is appended to the plaintiff's June 9, 2004 memorandum.  The above quote appears at p. 4 of Appendix B thereto.

[3] Appendix B at p. 4.

federal statutory protections, and perhaps most notably, the federal enabling legislation of the plaintiff agency. See 42 U.S.C. § 10802(4); Defendants' 6/30/04 Memorandum, passim. Thus, while a decision on the pending motion is important to the immediate parties to this action, the real parties at interest, who would be affected by the disclosure of confidential records, still have not been given the opportunity to be heard on this issue. If there is any urgency at this time, it results from the possibility that the plaintiffs' persistent refusal to abide by their statutory authority will result in significant violations of the constitutional and statutory rights of the Northern and Garner inmates, who will be foreclosed from even having a voice in these proceedings.

                DEFENDANTS
                Wayne Choinski, et al.

                RICHARD BLUMENTHAL
                ATTORNEY GENERAL


BY:   /s/
     Terrence M. O'Neill
     Ann E. Lynch
     Steven R. Strom
     Assistant Attorneys General
     Federal Bar No. 10835
     110 Sherman Street
     Hartford, CT  06105
     Tel: (860) 808-5450
     Fax: (860) 808-5591
     Email: terrence.oneill@po.state.ct.us

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 18th day of February, 2005, first class postage prepaid to:

Ben A. Solnit, Esq.
Tyler Cooper & Alcorn, LLP
205 Church Street
P.O. Box 1936
New Haven, CT  06509-1910

Nancy B. Alisberg, Esq.
Office of Protection & Advocacy
60-B Weston Street
Hartford, CT  06120

David C. Fathi, Esq.
ACLU National Prison Project
733 15th Street, NW, Suite 620
Washington, D.C.  20005

Annette Lamoreaux, Esq.
Connecticut Civil Liberties Union Foundation
32 Grand Street
Hartford, CT  06106

              _____/s/_____
              Terrence M. O'Neill
              Assistant Attorney General